IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Randy Dwayne Smith, | Civil Action No. 2:11-3281-CWH-BHH |
| Plaintiff, | |
| vs. | **REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE** |
| McAlister-Smith Funeral Home, Inc., | |
| Defendant. | |

This matter is before the Court on the defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) [Doc. 9], requesting that the plaintiff's breach of contract and Americans with Disabilities Act (ADA), 42 U.S.C. § 12112 claims be dismissed.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A), and Local Rule 73.02(B)(2)(g), D.S.C., all pretrial matters in employment discrimination cases are referred to a United States Magistrate Judge for consideration.

## BACKGROUND

The plaintiff claims that on or about December 28, 2009, he was diagnosed with a "disability." (Compl. ¶ 11.) He asserts that he "has a physical impairment which substantially limits one or more major life activities and meets other definitions prescribed by federal law." (Compl. ¶ 21.) In Count I, the plaintiff claims that the defendant failed to accommodate him and then terminated him in violation of the

Americans with Disabilities Act, 42 U.S.C. § 12112 ("ADA") based on his unspecified alleged disability.

The plaintiff also alleges that he "entered into an employment contract whereby the defendant agreed to employ" him. (Compl. ¶ 10.) The plaintiff does not specify the nature of the alleged contract, the specific date of the alleged contract, the terms of the alleged contract, or the provision of the alleged contract that was supposedly breached.

## **STANDARD OF REVIEW**

Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support its claim and would entitle it to relief. In considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff. *Mylan Laboratories, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)(citations omitted).

To survive a Rule 12(b)(6) motion to dismiss, a complaint must state "a plausible claim for relief." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). Stated differently, "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the

complaint has alleged--but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id*. (quoting Fed. R. Civ. P. 8(a)).

**DISCUSSION**

**I.     Americans with Disabilities Act Claim**

The defendant first moves for dismissal of the plaintiff's ADA claim.  The defendant contends that the Complaint does not state a claim under that statute because it neither identifies any disability nor major life activity, impaired by it, as required.  *See* 42 U.S.C. § 12112 (a), 42 U.S.C. § 12102(1)(A).  In fact, the plaintiff has only pled the legal requirements of the claim, without any factual specificity.  (Compl. ¶ 11, 21.)  Even still, the Court would not dismiss it.  So long as they exist, more detail can easily be appended to the claim.  The plaintiff should have occasion to cure the Complaint through amendment.

While it is true that much is yet to be determined in discovery, the plaintiff should be able to aver his own disability and the effects thereof.  If not, dismissal would certainly be justified.

**I.     Breach of Contract**

The defendant also moves for dismissal of the plaintiff's claim for breach of contract. South Carolina law provides that "termination of an at-will employee normally does not give rise to a cause of action for breach of contract." *Conner v. City of Forest Acres*, 560 S.E.2d 606, 610 (S.C. 2002); *Williams v. Riedman*, 529 S.E.2d 28, 32 (S.C. Ct. App. 2000).  It is undisputed that the plaintiff's employment was at-will.  As is often,

3

however, the plaintiff would argue that the at-will status has been modified through promises of the defendant.

Under certain circumstances, it is true, that an at-will employment arrangement can be modified by an oral promise, *see Prescott v. Farmers Tel. Co-op., Inc.*, 516 S.E.2d 923, 926 (S.C. 1999), or by "[m]andatory, progressive discipline procedures . . .," set out in a handbook or policy, for instance. *Hessenthaler v. Tri-County Sister Help, Inc.*, 616 S.E.2d 694, 698 (S.C. 2005).

In response on motion to dismiss, although not included in his Complaint, the plaintiff has identified only one basis for possible contract, here. Specifically, the plaintiff would now contend that the defendant breached a contractual promise in the form of its written Equal Opportunity policy against discrimination contained in its employee handbook. (Pl. Resp. at 8.) The plaintiff did not attach it to the Complaint. It apparently reads: "There will be no discrimination based on religion, age, sex, race, physical handicap, veteran status, or natural origin. It is the intent of management that equal opportunity will be provided in all promotions, wages, benefits and other privileges, and terms and conditions of employment." (Pl. Resp. Ex. A.)

But, as a matter of law, generalized harassment and anti-discrimination policies in a handbook do not constitute implied employment contracts. *See Eady v. Veolia Transp. Servs., Inc.*, 609 F. Supp.2d 540, 560 (D.S.C. 2009) (granting summary judgment for employer on breach of implied contract claim and holding that, "This Court previously has held that the defendant's nondiscrimination policy 'does not constitute a

promise altering the at-will employment relationship and giving rise to a breach-of-contract claim.' . . . The non-discrimination language in the defendant's Handbook will not sustain the plaintiff's cause of action for breach of contract."); *Fyall v. ATC/Ancon of South Carolina*, *L.P and Nat'l Express Corp.*, 2005 WL 2656962, at *4 (D.S.C. October 18, 2005.). They are too indefinite. *See id.*

The plaintiff does not rejoin the legal point but would divert with arguments concerning the disclaimer language of handbooks. And, while the plaintiff is right that whether a handbook disclaimer is sufficiently conspicuous to disclaim the entire handbook, as a contract, may create issues of fact for a jury, that argument presupposes that the plaintiff has identified some promise within the handbook that, were the handbook itself deemed a contract, could be enforced. As stated, however, generalized anti-discrimination policies have been rejected as enforceable promises, regardless of whether the handbook has otherwise been properly disclaimed, as a whole.

There is nothing to cure or make more definite. The plaintiff's sole basis for contract is insufficient, legally.

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, the Court recommends that the defendant's motion to dismiss [Doc. 9] should be GRANTED in part and DENIED in part. The plaintiff will have fifteen (15) days from the date of the adoption of this recommendation to amend his Complaint.

IT IS SO RECOMMENDED.

                                        s/Bruce Howe  Hendricks
                                        United States Magistrate Judge

April 27, 2012
Charleston, South Carolina.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).