**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

|  |  |  |
|---|---|---|
| RANDY DWAYNE SMITH, | ) | No. 2:11-cv-03281-DCN |
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) | **ORDER** |
| vs. | ) |  |
|  | ) |  |
| MCALISTER-SMITH FUNERAL | ) |  |
| HOME, INC., | ) |  |
|  | ) |  |
| Defendant. | ) |  |
|  | ) |  |

This matter is before the court on defendant's motion to dismiss the complaint. This case was referred to United States Magistrate Judge Bruce Howe Hendricks for a report and recommendation (R&R). For the reasons set forth below, the court adopts the R&R in part and dismisses the case without prejudice.

## I.  BACKGROUND

Plaintiff Randy Dwayne Smith filed a complaint on December 1, 2011, alleging that defendant McAlister-Smith Funeral Home, Inc. unlawfully fired him in violation of the Americans with Disabilities Act (ADA), the Family Medical Leave Act, and his employment contract. On December 14, 2011, defendant answered the complaint. That same day, defendant filed a motion to dismiss plaintiff's ADA and breach of contract claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

On April 27, 2012, the magistrate judge issued an R&R, recommending that the court dismiss the breach of contract claim and allow plaintiff to amend his ADA claim in order to provide necessary detail regarding his alleged disability. Both parties timely objected to the R&R. Plaintiff filed an "amended complaint" on May 14, 2012.

Because this matter is before the court on defendant's motion to dismiss, the following facts are drawn from plaintiff's complaint and are construed in the light most favorable to him. Plaintiff, a resident of Dorchester County, South Carolina, began working for defendant in January 2008. Compl. ¶ 10. On or about December 28, 2009, plaintiff was diagnosed with a disability, and was informed by his medical provider that he could continue to work with certain restrictions. Id. ¶¶ 11, 12. Defendant initially accommodated plaintiff's disability. Id. ¶14. On March 29, 2010, however, defendant terminated plaintiff's employment. Id. ¶¶ 15-17.

## II.  STANDARDS OF REVIEW

### A.  Amending a Complaint

Rule 15(a)(1) of the Federal Rules of Civil Procedure allows a party to amend its complaint once as a matter of course within 21 days of serving the complaint, or within 21 days after service of a motion to dismiss. Fed. R. Civ. P. 15(a)(1). In all other cases, a party may amend its complaint "only with the other party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The Federal Rules instruct courts to "freely give leave when justice so requires." Id. However, "[a] district court may deny a motion to amend when the amendment would be prejudicial to the opposing party, the moving party has acted in bad faith, or the amendment would be futile." Equal Rights Ctr. v. Niles Bolton Assocs., 602 F.3d 597, 603 (4th Cir. 2010).

### B.  Motion to Dismiss

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss for "failure to state a claim upon which relief can be granted." When considering a Rule 12(b)(6) motion to dismiss, the court must accept the plaintiff's factual allegations as true

and draw all reasonable inferences in the plaintiff's favor. See E.I. du Pont de Nemours & Co. v. Kolon Indus., 637 F.3d 435, 440 (4th Cir. 2011). But "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

On a motion to dismiss, the court's task is limited to determining whether the complaint states a "plausible claim for relief." Id. at 679. A complaint must sufficient contain factual allegations in addition to legal conclusions. Although Rule 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief," "a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). "Facts pled that are 'merely consistent with' liability are not sufficient." A Soc'y Without a Name v. Virginia, 655 F.3d 342, 346 (4th Cir. 2011) (quoting Iqbal, 556 U.S. at 678).

### III. DISCUSSION

Before turning to the merits of defendant's motion to dismiss, the court must first consider whether plaintiff's amended complaint has been properly filed.

#### A. Plaintiff's Amended Complaint

Plaintiff filed his amended complaint on May 14, 2012, five and a half months after serving his original complaint and five months after defendant filed its motion to dismiss. This is well outside the time frame contemplated by Rule 15(a)(1). Plaintiff did not seek leave of the court before filing his amended complaint. He likewise does not

appear to have gained defendant's consent before filing. Thus, his amended complaint also fails to comply with Rule 15(a)(2).

Because it does not comply with Rule 15(a), plaintiff's amended complaint is not properly before this court and will be stricken.

### B.      Count I – Violation of the ADA

The magistrate judge noted that plaintiff "has only pled the legal requirements of [his ADA] claim, without any factual specificity," and recommended that the court provide plaintiff the opportunity to amend his complaint. R&R 3. Defendant objects to the magistrate judge's recommendation, arguing that Count I should be dismissed with prejudice.

To state a claim for discrimination on the basis of disability under the ADA, "a plaintiff must establish that (1) she has a disability; (2) she is otherwise qualified for the benefit or program at issue; and (3) she was excluded from the benefit or program on the basis of her disability." Smith-Jeter v. City of Columbia, No. 10-1188, 2012 WL 762075, at *2 (D.S.C. Mar. 8, 2012), aff'd 474 F. App'x 260 (4th Cir. 2012); see also Davis v. Univ. of N.C., 263 F.3d 95, 99 (4th Cir. 2001); Baird v. Rose, 192 F.3d 462, 467 (4th Cir. 1999). Merely stating that one is disabled is not enough to establish disability. See Smith-Jeter, 2012 WL 762075, at *2; see also Tolbert v. Charter Commc'n, No. 10-2618, 2011 WL 1335834, at *2 (D.S.C. Feb. 17, 2011) (holding that ADA claim would have been insufficiently pled but for complaint's reference to – and plaintiff's later submission of – additional documents that described plaintiff's disability).

Plaintiff's complaint fails to allege any facts that support his conclusory allegation that "[o]n or about December 28, 2009, Plaintiff was diagnosed with a disability."

Compl. ¶ 11.  This allegation merely states one element of an ADA claim.  Because plaintiff has not identified his disability, his ADA claim does not include factual matter sufficient to state a plausible claim for relief.

The court agrees with the magistrate judge that plaintiff should be provided with an opportunity to plead additional facts that would support his ADA claim.  For this reason, Count I of plaintiff's complaint will be dismissed without prejudice.

## C.       Count III – Breach of Contract Claim

The magistrate judge recommended that Count III be dismissed because plaintiff has failed to allege any employment contract that could be the basis of his breach of contract claim.  R&R 5.  As the magistrate judge aptly points out, the parties do not appear to dispute that plaintiff was an at-will employee.  Id. at 3; Pl.'s Mem. 6, 8; Answer ¶ 10.  However, plaintiff argues that the mandatory language included in defendant's employee handbook gave rise to an employment contract between plaintiff and defendant. Pl.'s Mem. 6; Pl.'s Obj. 3-5.

"In deciding whether a complaint will survive a motion to dismiss, a court evaluates the complaint in its entirety, as well as documents attached or incorporated into the complaint."  Kolon Indus., 637 F.3d at 448.  However, the district court cannot go beyond these documents when considering a Rule 12(b)(6) motion.  Id.  If the court does consider documents other than the complaint and those documents that are integral to the complaint, the court converts the motion into one for summary judgment.  Id. (citing Fed. R. Civ. P. 12(b), 12(d), 56).  Such conversion is inappropriate where the parties have not had an opportunity to conduct reasonable discovery.  Kolon Indus., 637 F.3d at 448.

While plaintiff attached defendant's employee handbook (or portions thereof) to his opposition to the motion to dismiss, his objections to the R&R, and his improperly filed amended complaint, he neither attached nor referenced the employee handbook in the operative complaint. As a result, the court may not consider the employee handbook's language on this motion to dismiss.[1]

Plaintiff has pled no facts suggesting that he had an employment contract with defendant. The statements that "the Defendant and the Plaintiff entered into a contract whereby it agreed to employ the Plaintiff," and that "in breach of the contract, the Defendant wrongfully terminated the Plaintiff's employment" are merely legal conclusions that are unsupported by factual allegations. Compl. ¶¶ 40, 41. These statements are not enough to support a breach of contract claim.

For these reasons, Count III will be dismissed without prejudice.

## IV. CONCLUSION

Based on the foregoing, plaintiff's "amended complaint," ECF No. 16, is stricken from the record as improperly filed. The court **GRANTS** defendant's motion to dismiss

---

[1] The court notes that in South Carolina, employment is presumed to be at will. Prescott v. Farmers Tel. Coop., Inc., 516 S.E.2d 923, 925, 927 n.8 (S.C. 1999). It is true that at-will employment arrangements may be modified by "mandatory, progressive discipline procedures" set out in an employee handbook. Hessenthaler v. Tri-County Sister Help, Inc., 616 S.E.2d 694, 698 (S.C. 2005). Non-discrimination policies described in an employee handbook, on the other hand, are not sufficient either to alter an at-will employment relationship or to give rise to a breach of contract claim. Id. ("Unlike a mandatory, progressive discipline procedure, a general policy statement of nondiscrimination does not create an expectation that employment is guaranteed for any specific duration or that a particular process must be followed before an employee may be fired."); see also King v. Marriott Int'l, Inc., 520 F. Supp. 2d 748, 756-57 (D.S.C. 2007) (finding that a general nondiscrimination policy did not create a contract or otherwise alter the plaintiff's at-will employment status).

At this time, the court need not reach the issue of whether the language contained in defendant's employee handbook gave rise to an employment contract. The complaint, as it stands, simply does not contain sufficient factual material to survive a motion to dismiss.

and **DISMISSES WITHOUT PREJUDICE** plaintiff's complaint, ECF No. 1.  Plaintiff

shall have leave to re-file an amended complaint within 14 days of the filing of this order.

      **AND IT IS SO ORDERED**.

_____
**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**September 25, 2012**
**Charleston, South Carolina**