IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Randy Dwayne Smith, | ) | Civil Action No. 2:11-3281-DCN-BHH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| | ) | **OF MAGISTRATE JUDGE** |
| | ) | |
| McAlister-Smith Funeral Home, Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court on the defendant's second motion to dismiss the plaintiff's renewed breach of contract claim. [Doc. 24.]

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A), and Local Rule 73.02(B)(2)(g), D.S.C., all pretrial matters in employment discrimination cases are referred to a United States Magistrate Judge for consideration.

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support its claim and would entitle it to relief. In considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff. *Mylan Laboratories, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)(citations omitted).

To survive a Rule 12(b)(6) motion to dismiss, a complaint must state "a plausible

claim for relief." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id*. (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). Stated differently, "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id*. (quoting Fed. R. Civ. P. 8(a)).

## DISCUSSION

The defendant seeks dismissal of the plaintiff's breach of contract claim. An earlier attempt to plead it, has already been rejected by the Court and dismissed. [Docs. 13 & 20.] The renewed pleading does no better. [See Doc. 21.]

Specifically, the plaintiff, as the sole basis for his breach of contract claim, continues to insist that the defendant breached the Equal Opportunity Section of its Employee Handbook. (Pl. Resp. at 7; Am. Compl. ¶¶ 15, 53.) The undersigned has already explained the insufficiency of such an argument. [See Doc. 13 at 4.] As a matter of law, generalized harassment and anti-discrimination policies in a handbook do not constitute implied employment contracts. *See Eady v. Veolia Transp. Servs., Inc.*, 609 F. Supp.2d 540, 560 (D.S.C. 2009) (granting summary judgment for employer on breach of implied contract claim and holding that, "This Court previously has held that

the defendant's nondiscrimination policy 'does not constitute a promise altering the at-will employment relationship and giving rise to a breach-of-contract claim.' . . . The non-discrimination language in the defendant's Handbook will not sustain the plaintiff's cause of action for breach of contract."); *Fyall v. ATC/Ancon of South Carolina, L.P and Nat'l Express Corp.*, 2005 WL 2656962, at *4 (D.S.C. October 18, 2005). They are too indefinite. *See id.*

As on prior motion to dismiss, the plaintiff does not rejoin the legal point but would divert with arguments concerning the disclaimer language of handbooks. The Court would repeat itself: While the plaintiff is right that whether or not a handbook disclaimer is sufficiently conspicuous to disclaim the entire handbook, as a contract, may create issues of fact for a jury, that argument presupposes that the plaintiff has identified some promise within the handbook that, were the handbook itself deemed a contract, could be enforced. Here, he has not. The Equal Opportunity Section is not a legally enforceable promise. Therefore, whether or not the handbook was properly disclaimed as a contract is of no moment. Even if it were not properly disclaimed, the plaintiff has not identified any provision of the Handbook that can be considered as having been breached. The Equal Opportunity Section is not a legal promise.

To the extent the plaintiff would imply that the defendant violated some progressive disciplinary system, he has not pointed to any. The plaintiff also emphasizes obligations, which the handbook appears to impose on him. But, regardless of those provisions' contractual nature, they do not represent promises

flowing from the defendant to the plaintiff, which the defendant could have ever breached.  They are expectations on the plaintiff only.

The fact that the plaintiff has pled with some factual precision provisions which he would characterize as a sufficient averment of the cause's elements does not satisfy *Iqbal* and *Twombly*.  The Court is allowed to test the actual legal sufficiency of them, under the standard of review.  Generalized promises concerning non-discriminatory treatment are legally ineffective as contractual employment promises.  Discovery will not change that fact.

## CONCLUSION AND RECOMMENDATION

Wherefore, based upon the foregoing, the Court recommends that the defendant's motion to dismiss [Doc. 24] should be GRANTED.

IT IS SO RECOMMENDED.

                                                s/Bruce Howe  Hendricks
                                                United States Magistrate Judge

March 12, 2013
Charleston, South Carolina.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).